Derrick Childs
Cathy Childs
Jester Childs
Charisse Mahoney
7901 Oakport Street, Suite 2450
Oakland, California 94621
Telephone: (510) 686-3685

FILED

FEB 13 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

Plaintiffs in Pro Se

# UNITED STATES DISTRICT COURT

# THE NORTHERN DISTRICT OF CALIFORNIA

D.C., co-successor-in-interest to
Decedent Demarco Childs, by and through his
Guardian Ad Litem Derrick Childs; L.C,
Co-successor-in-interest to Decedent
Demarco Childs, by and through his Guardian
Ad Litem Derrick Childs; C.C, co-successor-in-
Interest to Decedent Demarco Childs, by and
through his Guardian Ad Litem Derrick Childs;
The Estate of Demarco Childs, Deceased; and
Derrick Childs in his capacity as the Personal
Representative of the Estate of Demarco Childs;
Charisse Mahoney; Jester Childs and Cathy
Childs

        Plaintiffs,

    v.

CITY OF ANTIOCH, a municipal corporation;
ALLAN CANTANDO, in his capacity as Chief
of Police for the CITY OF ANTIOCH;
VALENTINO WALKER, an individual; and
DOES 1-50, inclusive, individually and in their
official capacity as police officers for the CITY
OF ANTIOCH.

        Defendants.

Case No. C17- 0719 MEJ

**COMPLAINT FOR VIOLATION OF CIVIL
RIGHTS, WRONGFUL DEATH AND
DAMAGES**

**JURY TRIAL DEMANDED**

Complaint For Damages-1

## INTRODUCTION

1.     This case arises out of the wrongful death of Decedent DEMARCO CHILDS who was shot to death on February 13, 2016 by Defendant Valentino Walker in the city of Antioch.

2.     Defendants' erroneously categorized the death of Decedent DEMARCO CHILDS as "self-defense" while independently gathered evidence **clearly demonstrates** that Defendant Valentino Walker murdered Decedent.

3.     Defendants ALLAN CANTANDO and DOES 1-50 **denied** the family and Estate of DEMARCO CHILDS **the right** of access to the court system by covering up and/or grossly failing to adequately investigate the murder of Demarco Childs.

4.     Plaintiffs' damages are a consequence of Defendant City of Antioch's failure to implement appropriate policies, training methods, and practices.

5.     Valentino Walker killed DEMARCO CHILDS without legal justification and is consequently liable for his death.

6.     This civil rights and wrongful death action seeks compensatory and punitive damages from Defendants for violating the First and Fourteenth Amendment under the United States Constitution and state law in connection with the death of Decedent DEMARCO CHILDS.

7.     This action seeks to recover damages for Decedent's surviving heirs and family. This action is maintained on behalf of Decedent, by his successor-in-interest, D.C. by and through his Guardian Ad Litem DERRICK CHILDS, by his successor-in-interest, L.C. by and through his Guardian Ad Litem DERRICK CHILDS, by his successor-in-interest, C.C. by and through his Guardian Ad Litem DERRICK CHILDS, and the Estate of Demarco Childs.

## JURISDICTION

8.     This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Antioch, California, which is within this judicial district. This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

9.      Decedent, DEMARCO CHILDS, was an individual residing in the County of Contra Costa, State of California. Decedent was unmarried at the time of his death and died intestate.

10.     Plaintiff herein, D.C. ("Plaintiff D.C"), is and was at all times herein mentioned the biological son of Decedent DEMARCO CHILDS. D.C. sues in his individual capacity and as Successor in Interest to Decedent by and through his Guardian Ad Litem, DERRICK CHILDS.

11.     Plaintiff herein, L.C. ("Plaintiff L.C"), is and was at all times herein mentioned the biological daughter of Decedent DEMARCO CHILDS. L.C. sues in her individual capacity and as Successor in Interest to Decedent by and through his Guardian Ad Litem, DERRICK CHILDS.

12.     Plaintiff herein, C.C. ("Plaintiff C.C"), is and was at all times herein mentioned the biological son of Decedent DEMARCO CHILDS. C.C. sues in his individual capacity and as Successor in Interest to Decedent by and through his Guardian Ad Litem, DERRICK CHILDS.

13.     Plaintiff the Estate of Demarco Childs is the Estate of Demarco Childs ("Childs"), a decreased person who was a resident of the County of Contra Costa, State of California.

14.     Plaintiff Derrick Childs ("Administrator") is the brother of the decedent, Demarco Childs, and is the personal representative and an administrator of the Estate of Demarco Childs. Derrick Childs is a resident of the County of Contra Costa, State of California.

15.     Plaintiff herein, Cathy Childs ("Plaintiff Ms. Childs") is a resident of the County of Contra Costa. PLAINTIFF MS. CHILDS is the biological mother of Decedent CHILDS.

16.     Plaintiff herein, Jester Childs ("Mr. Childs") is a resident of the County of Contra Costa. PLAINTIFF MR. CHILDS is the biological father of Decedent Childs.

17.     Plaintiff herein, Charisse Mahoney ("Ms. Mahoney") is a resident of the County of Contra Costa. PLAINTIFF MS. MAHONEY is mother of Decedent Childs' biological children.

18.     Defendant CITY OF ANTIOCH ("hereinafter CITY") is and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California.

19.     Defendant ALLAN CANTANDO, ("hereinafter "CHIEF CANTANDO") is and at all times herein mentioned chief of police for the CITY of ANTIOCH and is sued in his official capacity.

20.     Defendant VALENTINO WALKER, is and at all times herein mentioned is sued in his individual and official capacity.

21.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

22.     In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

23.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have complied with all such requirements.

**STATEMENT OF FACTS**

24.     On Saturday, February 13, 2016 at approximately 11:47 a.m., decedent DEMARCO CHILDS was shot and killed by Defendant VALENTINO WALKER.

25.     Decedent DEMARCO CHILDS was unjustifiably shot five times. However, inexplicably Defendant Walker was released from the scene without being arrested.

26.     Plaintiffs were informed by the Contra Costa County Deputy District Attorney ("hereinafter DA") that Decedent DEMARCO CHILDS was at the Chevron Gas Station in Antioch when he encountered Defendant Walker. The DA alleged that Decedent DEMARCO CHILDS brandished a firearm at Defendant Walker.  According to the DA, at some point, Defendant Walker took the firearm from Decedent DEMARCO CHILDS. Then allegedly, Decedent DEMARCO CHILDS told Defendant Walker that he had another gun in his ankle. It is alleged that at that point, Defendant Walker shot Decedent DEMARCO CHILDS. After Decedent DEMARCO CHILDS was shot, he allegedly got up and ran towards Defendant Walker's teenage daughter. Allegedly fearing for

his daughter's safety, Defendant Walker shot Decedent DEMARCO CHILDS again. The DA also claimed that the whole incident was caught on tape, alleging that each shot was justified.

27.     Further, Officer or Officers from the City of Antioch reported to the Contra Costa Sheriff's Department that Defendant Walker had an active restraining order against Decedent Childs.

28.     Plaintiff Derrick Childs, the biological brother of Decedent Childs and personal representative and administrator of Demarco Childs Estate, has evidence that contradicts the DA's account of events that led to the death of Decedent DEMARCO CHILDS.

29.     On information and belief, officers of Antioch Police Department covered up the murder of Decedent DEMARCO CHILDS.

30.     Plaintiffs allege that Defendant Walker did not have an active restraining order against Decedent DEMARCO CHILDS.

31.     Plaintiffs allege that Defendant Walker followed Decedent DEMARCO CHILDS to the gas station and attacked Decedent as Decedent was exiting the store.

32.     Plaintiffs allege that the day or so before the shooting, Decedent DEMARCO CHILDS and Defendant Walker got into an argument over the phone. This was not the first verbal confrontation that the two men had.

33.     Defendant Walker had a history of harassing Decedent DEMARCO CHILDS and stalking him. Both Defendant Walker and Decedent DEMARCO CHILDS have children with Plaintiff MS. MAHONEY. Decedent DEMARCO CHILDS received threats from Defendant Walker several times and feared for his life.

34.     Plaintiff Derrick Childs discovered that before Decedent DEMARCO CHILDS was killed, he rode his hover board to the Chevron Gas Station. The store clerk who called 911 said that Decedent DEMARCO CHILDS came in the store and made a purchase and as Decedent DEMARCO CHILDS exited the store, he and Defendant Walker began to fight in the entrance way of the store. Subsequently, a series of gun shots followed.

35.     The store clerk ducked for cover when the shots began so he could not see what happen after the first shot.

36.     Among other things, Plaintiff Childs discovered video footage that depicts parts of the subject incident. The video footage clearly contradicts the account of the incident given by the Antioch Police Department.

37.     Decedent DEMARCO CHILDS was shot five times according to the Contra Costa County Sheriff's office. According to the coroner, Decedent suffered from two gunshot graze wounds between the left bicep and left ribcage. Decedent also suffered from gunshots wounds to the front of his knee, the back of the thigh, and buttocks.

38.     **An Independent Forensics Expert** determined that Defendant Walker initially fired the shots that hit Decedent in the front of the knee and the two grazes to the chest area.  The **independent expert** asserts that after the initial shots, Defendant Walker then straddled Decedent Childs and fired two more shots downward, striking Decedent Childs in his buttocks and thigh while he was either face down on his stomach or while he was on the ground laying on his side.

39.     The Antioch Police Officers told Contra Costa County Sheriffs that Defendant Walker had a restraining order against Decedent. This is not true.

40.     Immediately following the shooting, Officers from the City of Antioch Police Department went to the home of Plaintiff Mahoney and demanded entrance. Plaintiff Mahoney described Officers as forcing their way into her home and taking personal belongings without a warrant. The Officers then took Plaintiff Mahoney against her will to the City of Antioch Police Department where she was held against her will for several hours.

41.     Plaintiff Mahoney also said Officers intimidated her, making her terrified and frightened as the Officers made threats that they would take Decedent's children to Child Protective Services. The Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, arrest or search Plaintiff Mahoney.

42.     The City of Antioch has a pattern of failing to investigate claims of "self-defense" resulting in death. The City has been faced with several lawsuits surrounding the misconduct of officers from the City of Antioch Police Department. Not only has the City of Antioch Police Department been faced with these lawsuits, the City of Antioch Police Department has ruled two other murders as self-defense when the evidence clearly indicated that murders had been committed.

43.     On or about May 17, 2013, Officers from Antioch Police Department responded to a report of a possible dead body near the entrance to an apartment complex in the 3400 block of Hudson Court around 8 a.m. The body was identified as 22-year-old Nyjeah Jenkins. Jenkins had suffered from a single gunshot wound and he was pronounced dead at the scene. Jenkins was found with a handgun visible in his pocket. Hours later, police arrested 19-year-old Jimmy Rider of Antioch on suspicion of murder in connection with Jenkin's death. Shortly after the arrest, Officers from the City of Antioch Police Department concluded that Rider shot and killed Jenkins to defend himself, another person and his property.

44.     On or about February 5, 2016, Leo Lopez went to buy prescription pills from a dealer when a man jumped in his car and pistol-whipped him. As the man who was identified as Richard Pareno fled in a van, Lopez began to shoot unprovoked shots at the van. Pareno received several gunshot wounds and died a short distance away. Like the Decedent Childs and Jenkins case, Officers from the City of Antioch Police Department concluded that Lopez acted in self-defense.

45.     Each of the Defendants caused and is responsible for the intentional and/or negligent conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

## DAMAGES

46.     As a proximate result of Defendants' conduct, Plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of security, dignity, and pride as United States citizens.

47.     Plaintiff Mahoney was threatened, and detained without any just provocation or probable cause, by defendant officers. Plaintiffs were mentally, and emotionally injured and damaged as a proximate result of this incident, as described herein.

48.    The conduct of Defendant Allan Cantando, and DOES 1-10 was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officers of the CITY.

49.    Plaintiffs found it necessary to engage and initiate this complaint to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of her civil rights.

### FIRST CAUSE OF ACTION
**(Civil Rights 42 USC Section 1983)**
**(Denied Right of Access to the Court)**
**(Against Defendant ALLAN CANTANDO, and DOES 1-10)**

50.    Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in all prior paragraphs and further allege as follows:

51.    Defendant Allan Cantando and Does 1-10 are liable to Plaintiffs pursuant to 42 U.S.C section 1983. Defendant Allan Cantando and Does 1-10 failed to conduct a proper investigation on the incident that occurred on February 13, 2016 that resulted in the death of Mr. Demarco Childs.

52.    Defendant Allan Cantando and Does 1-10 failed to conduct a proper investigation and a few hours after the accident, Defendant Allan Cantando and Does 1-10 concluded that Defendant Walker killed Mr. Demarco Childs in self-defense.

53.    Defendant Allan Cantando and Does 1-10 deliberately ignored evidence that provided proof of foul play in the accident.

This evidence includes:

- Defendant Walker followed Decedent DEMARCO CHILDS to the gas station and attacked Decedent as Decedent was exiting the store.

- That the day or so before the shooting, Decedent DEMARCO CHILDS and Defendant Walker got into an argument over the phone. This was not the first verbal confrontation that the two men had.

- Defendant Walker had a history of harassing Decedent DEMARCO CHILDS and stalking him.

54.     Plaintiffs was informed by Defendants 1-10 that Demarco Childs had a gun and was killed in self-defense and was publicly announced to the media that no criminal action would be taken against Defendant Walker.

55.     Defendants Allan Cantando and Does 1-10 intentionally distorted and concealed evidence from the crime scene and failed to conduct proper investigation that resulted in a denial of Plaintiffs' right of access to the courts.

56.     Due to Allan Cantando and Does 1-10 intentionally concealing evidence such as the forensic and ballistic reports and other evidence that incriminate Defendant Walker, intentionally failing to develop further evidence that would identify and incriminate Defendant Walker, and actively engaging in covering up the murder and calling it self-defense, Allan Cantando and Does 1-10, acting in concert and under color of law, denied Plaintiffs' access to court to proceed with an action against Defendant Walker.

57.     As a direct and proximate result of the blatant and outrageous conduct of Allan Cantando and Does 1-10, the Plaintiffs have suffered damages not only compensatory but punitive damages are appropriate to be awarded, all under 42 U.S.C section 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (42 U.S.C SECTION 1983)
### MUNICIPAL LIABILITY
### (Failure to Implement Appropriate Policies, Training methods and Practices)

**(Against Defendant ALLAN CANTANDO, and DOES 1-10)**

58.     Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in all prior paragraphs and further allege as follows:

59.     Defendant the City of Antioch failed to implement adequate policies, training and supervisory procedures for their employees.

60.     Defendant the City of Antioch has failed to enforce disciplinary measures that would prevent routine deprivations of citizens' rights.

61.     Defendant the City of Antioch's failure resulted in the improper investigation of Demarco Childs murder by Defendant Walker.

62.     Defendant the City of Antioch implicitly or explicitly, adopted and implemented careless and reckless policies, customs and practices that allowed the unconstitutional conduct described herein and, therefore, constitute the moving and proximate cause of the loss and death of Demarco Childs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. Section 1985, 1986)**
**(Conspiracy)**
**(Plaintiffs against Defendant ALLAN CANTANDO, and DOES 1-10)**

63.     Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in all prior paragraphs and further allege as follows:

64.     Defendants Allan Cantando and Does 1-10 concerted with each other and conspired to deny the civil rights of Demarco Childs.

65.     Defendants Allan Cantando and Does 1-10 concerted and conspired to cover up the murder of Demarco Childs by failing to conduct proper investigation of his death and by concealing

the forensic and ballistic reports from the crime lab to the Coroner's Office and to any other investigative body who could conclude Demarco Childs was murdered.

66.     Defendants deliberately ignored and spoiled the evidence at the scene of the accident which indicated foul play, that Defendant Walker straddled Decedent Childs and fired unprovoked shots downward, striking Decedent Childs in his buttocks and thigh while he was either face down on his stomach or while he was on the ground laying on his side and that Defendant Walker did not have a restraining order against Decedent Childs.

67.     Defendants conspiracy resulted in the denial of equal protection of the law to Decedent Childs.

68.     These acts of unlawful conspiracy by Defendants violated Decedent Childs' civil rights and caused compensatory and punitive damages to Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the fourth Amendment)
### (Plaintiff Mahoney against Defendant DOES 11-15)

69.     Plaintiff Mahoney hereby re-allege and incorporate by reference each and every allegation set forth in all prior paragraphs and further allege as follows:

70.     DOES 11-15, inclusive, placed Plaintiff in immediate fear, intimidation and frightened her as the Officers made threats that they would take Decedent's children to Child Protective Services. The Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, arrest or search Plaintiff Mahoney.

71.     These defendants' conduct was neither privileged nor justified under statute or common law.

72.     As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff Mahoney pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (C.C.P. Section 377.60 and 377.61)
### (Wrongful Death)
### (Plaintiffs against Defendant Walker)

73.     Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in all prior paragraphs of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendant, and any and all allegations requesting punitive damages.

74.     Defendant Walker actions as set forth herein-above proximately caused the death of Decedent.

75.     As an actual and proximate result of Defendant's conduct, Plaintiffs have sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of Decedent, in an amount according to proof at trial.

76.     As a further actual and proximate result of said defendant's conduct, plaintiffs have incurred funeral and burial expenses, in an amount according to proof at trial.

77.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress)
#### (Against Defendant Officers DOES 1-10 and Defendant Walker)

78.     Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in all prior paragraphs and further allege as follows:

79.     The conduct of Defendants DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society.  Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs.

80.     As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress.  Therefore, Plaintiffs are entitled to an award of punitive damages as against said defendants.  Plaintiffs have suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
#### (Negligence)
#### (Against all Defendants)

**81.**     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 22 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

82.     At all times herein mentioned, Defendants were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their conduct. In addition, Defendants, and each of them, had a duty to exercise reasonable care in the hiring and training of peace officers to avoid exposing persons, including Plaintiffs and Decedent, to an unreasonable risk of harm.

83.    At all relevant times, Defendants, and each of them, knew or should have known, that an actual dangerous condition was created by acts and omissions of Defendants, and each of them.

84.    The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons and proximately caused the wrongful death of Decedent and Plaintiffs damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

85.    Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.    For general damages in a sum to be determined at trial;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof;

4.    For the costs of suit herein incurred; and

5.    For such other and further relief as the Court deems just and proper.

Dated:  February 10, 2017

Derrick Childs
In Pro Se

Cathy Childs
In Pro Se

Jester Childs
In Pro Se

Charisse Mahoney
In Pro Se

Complaint For Damages-14