UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>CITY OF ANTIOCH, et al.,<br><br>            Defendants. | Case No. 17-cv-00719-MEJ<br><br>**ORDER RE: APPLICATIONS TO PROCEED IN FORMA PAUPERIS**<br><br>Dkt. Nos. 3, 4, 5, 6 |

## INTRODUCTION

Plaintiffs Derrick Childs, Charisse Mahoney, Jester Childs, Cathy Childs, the Estate of Demarco Childs, and three minor children (collectively, "Plaintiffs") filed this action on February 13, 2017. *See* Compl., Dkt. No. 1. Cathy Childs, Jester Childs, Derrick Childs, and Charisse Mahoney also filed Applications to Proceed in Forma Pauperis ("IFP"). *See* Dkt. Nos. 3 (C. Childs Appl.), 4 (J. Childs Appl.), 5 (D. Childs Appl.), 6 (C. Mahoney Appl.). [1]

Pursuant to 28 U.S.C. § 1915, a court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Allowing a plaintiff to proceed in forma pauperis protects the plaintiff from abandoning "what may be a meritorious claim in order to spare himself complete destitution." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 340 (1948).

---

[1] On February 21, 2017, Plaintiffs consented to having all proceedings in this matter heard and adjudicated by the undersigned. *See* Dkt. No. 7. Because Defendants have not yet been served, they are not yet parties to this action. As such, the Court currently has consent over all parties under 28 U.S.C. § 636(c). *See Hard Drive Prods., Inc., v. Does 1-188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2013); *Williams v. Oakland Police Dep't*, 2015 WL 5355393, at *1 (N.D. Cal. Sept. 14, 2015).

When ruling on an in forma pauperis application, three general principles apply. First, proceeding in forma pauperis in a civil case is a privilege or favor granted by the government. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). Second, courts exercise discretion in granting, denying, or otherwise deciding an in forma pauperis application. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Third, the ability to pay does not require that a plaintiff contributes his or her "last dollar" or "make themselves and their dependents wholly destitute." *Adkins*, 335 U.S. at 339; *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (cost of filing with the court should not take the plaintiff's "last dollar").

To relieve a plaintiff's obligation to pay a filing fee, courts must review a litigant's affidavit identifying all of the litigant's assets. 28 U.S.C. § 1915(a)(1). An affidavit is sufficient if it indicates "that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins*, 335 U.S. at 339 (internal quotation marks omitted). An applicant is not required to prove absolute destitution. *Evans v. Anderson*, 2009 WL 3849765, at *1 (N.D. Cal. Nov. 13, 2009) (quoting *Jefferson v. United States*, 277 F.2d 723, 724 (9th Cir. 1960)). The question is whether the applicant can pay court costs without undue hardship. *See id.* (mere hardship will not qualify an applicant for IFP status).

If multiple plaintiffs move to proceed IFP, the entire group of plaintiffs must qualify to proceed IFP for the fee to be waived. *See Darden v. Indymac Bancorp, Inc.*, 2009 WL 5206637 at *1 (E.D. Cal. Dec. 23, 2009) ("Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee"; finding five IFP applicants failed to establish they individually or collectively could not pay filing fee); *Seligman v. Hart*, 2013 WL 371991, at *1 (S.D. Cal. Jan. 15, 2013) (denying one plaintiff's IFP application where the other plaintiff failed to offer information about his finances, "leav[ing] open the obvious possibility" that the other plaintiff had resources to pay the filing fee (citing *Darden*)); *see also Alcala v. Woodford*, 2002 WL 1034080, at *1-2 (N.D. Cal. May 21, 2002) ("[T]he filing fee obligation is joint and several. If the parties pay the entire fee, they may divide it up between them as they see fit and it is of no concern to the court. When the parties don't pay

the entire fee, all are obligated for the entire amount of the filing fee until it has been paid in full, even if the burden falls on a few of them unequally. Nothing in the statute suggests that each owes only a fractional share of the fee.").

## DISCUSSION

Jester Childs, Cathy Childs, and Derrick Childs do not qualify for IFP status; however, Charisse Mahoney lacks the resources to pay the requisite $400 filing fee. Nonetheless, as explained below, Plaintiffs collectively have the resources to pay the required fee.

### A.   Jester Childs

Mr. J. Childs' monthly income is $5,796; he also lists his spouse's monthly income as $3,800.[2] J. Childs Appl. at 2. He owns a home worth approximately $700,000; he pays a total of $4,100 per month on two mortgages. *Id.* at 3. His monthly expenses for food, utilities, and clothing are $1,460; he also indicates "monthly rent" in the amount of $2,800. *Id.* Mr. Childs also makes a $555 monthly car payment on a 2014 Mercedes C250, and he has a bank account balance of $600. *Id.* J. Childs' monthly income combined with his spouse's, minus the debts listed on his Application, leaves a balance of approximately $681 per month. This amount, along with the listed assets and his selection of a car with high monthly payments that he is able to make, establishes that J. Childs is capable of paying the $400 filing fee. *See Wade v. Am. Fed'n of Gov't Emps.*, 2006 WL 3645610, at *1-2 (N.D. Cal. Dec. 12, 2006) (denying plaintiff's IFP application after determining his net monthly income was $655). He offers no evidence supporting his contention that he is in poverty, much less "with some particularity, definiteness and certainty." *Escobedo*, 787 F.3d at 1234 (internal quotation marks omitted).

### B.   Cathy Childs

Cathy Childs is Jester Childs' spouse. *See* C. Childs Appl. at 2. She receives Social Security Disability in the amount of $3,552.[3] *Id.* In addition, she receives rent and long-term

---

[2] A court may consider the income and assets of an IFP applicant's spouse if the court conducts a reasonable review of the spouse's debts, expenses, and obligations to ensure that those funds are available. *Escobedo v. Applebees*, 787 F.3d 1226, 1236 (9th Cir. 2015).

[3] J. Childs represents her income is $3,800. *See supra*.

1 disability payments, but she does not indicate how much she receives from these sources of
2 income. *See id.* Ms. Childs contributes $2,000 in spousal support, pays $25 per month for
3 utilities, and $555 per month for a 2014 Mercedes. *Id.* Her bank account has a $600 balance, and
4 she has no other debts or obligations. *Id.* Ms. Childs' listed monthly income minus listed
5 expenses leaves her with a balance of $920 per month. In light of these resources, Ms. Childs fails
6 to show she qualifies for IFP status. *See Wade*, 2006 WL 3645610, at *1-2; *see also Balik v. City
7 of Cedar Falls*, 2016 WL 4492589, at *2 (N.D. Cal. Aug. 26, 2016) (denying IFP application
8 because the plaintiff's monthly income exceeded his monthly expenses).

### C. Derrick Childs

Mr. D. Childs has a monthly income of $1,800 and lists expenses totaling $1,050 per month. D. Childs Appl. at 1, 3. He lists no other debts or obligations. *Id.* at 3. His income minus expenses leaves him with a balance of approximately $750 each month. Accordingly, D. Childs fails to show he qualifies for IFP status. *See Wade*, 2006 WL 3645610, at *1-2; *see also Balik*, 2016 WL 4492589, at *2.

### D. Charisse Mahoney

It is evident from Charisse Mahoney's Application that her listed assets and income are insufficient to allow her to pay the filing fee and that she is eligible for IFP status. *See* C. Mahoney Appl.

### E. Summary

Jester Childs, Cathy Childs, and Derrick Childs can pay the Court's filing fee without depriving them of the ability to pay for necessities of life. While Ms. Mahoney is individually eligible for IFP status, Plaintiffs fail to demonstrate they cannot pay the filing fee as a group. *See Darden*, 2009 WL 5206637 at *1 (requirement that when multiple plaintiffs move to proceed IFP, each plaintiff must qualify for IFP status and establish eligibility either individually or as a group). Accordingly, Plaintiffs must pay the entire fee; they may, however, divide the fee amongst themselves as they see fit. *Alcala*, 2002 WL 1034080, at *1-2.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Charisse Mahoney's Application to

Proceed IFP, and **DENIES** Jester Childs, Cathy Childs, and Derrick Childs Applications to Proceed IFP.  **Because Plaintiffs as a group do not qualify for IFP status, they shall pay the Court's filing fee in the full amount of $400 no later than March 17, 2017**.  Failure to pay the filing fee by this deadline shall result in the dismissal of the above-entitled action without prejudice.

**IT IS SO ORDERED.**

Dated: March 3, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge