1   NOAH G. BLECHMAN (State Bar No. 197167)
    noah.blechman@mcnamaralaw.com
2   AMY S. ROTHMAN (State Bar No. 308133)
    amy.rothman@mcnamaralaw.com
3   KEREN SCHLANK (State Bar No. 310389)
    keren.schlank@mcnamaralaw.com
4   MCNAMARA, NEY, BEATTY, SLATTERY,
    BORGES & AMBACHER LLP
5   1211 Newell Avenue
    Walnut Creek, CA 94596
6   Telephone: (925) 939-5330
    Facsimile:  (925) 939-0203
7
8   Attorneys for Defendants
    City of Antioch and Chief Allan Cantando

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12   D.C., co-successor-in-interest to Decedent      Case No. C17-0719 MEJ
     Demarco Childs, by and through his
13   Guardian Ad Litem Derrick Childs; L.C,          **DEFENDANTS' NOTICE OF MOTION
     Co-successor-in-interest to Decedent            AND MEMORANDUM OF POINTS AND
14   Demarco Childs, by and through his              AUTHORITIES IN SUPPORT OF THEIR
     Guardian Ad Litem Derrick Childs; C.C,          MOTION TO DISMISS PLAINTIFFS'
15   co-successor-in-Interest to Decedent            COMPLAINT UNDER FRCP 12(b)(6)**
     Demarco Childs, by and through his
16   Guardian Ad Litem Derrick Childs; The           Date: August 3, 2017
     Estate of Demarco Childs, Deceased; and         Time: 10:00 a.m.
17   Derrick Childs in his capacity as the           Dept: Courtroom B-15th Floor
     Personal Representative of the Estate of        Judge: Hon. Maria-Elena James
18   Demarco Childs; Charisse Mahoney; Jester
     Childs and Cathy Childs,
19
20                   Plaintiffs,

21        vs.

22   CITY OF ANTIOCH, a municipal
     corporation; ALLAN CANTANDO, in his
23   capacity as Chief of Police for the CITY
     OF ANTIOCH; VALENTINO WALKER,
24   an individual; and DOES 1-50, inclusive,
     individually and in their official capacity as
25   police officers for the CITY OF
     ANTIOCH,
26
                     Defendants.
27

28

DEFENDANTS' NOTICE OF MOTION AND MEMO OF PTS.
AND AUTHORITIES IN SUPPORT OF RULE 12(b)(6)
MOTION - C17-0719 MEJ

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. ISSUES TO BE DECIDED...............................................................................2

III. FACTUAL BACKGROUND .............................................................................3

IV. LEGAL ANALYSIS ...........................................................................................5

    A.    Legal Standards.........................................................................................5

        1.    FRCP 12(b)(6) ..............................................................................5

        2.    Dismissal Without Leave to Amend ...........................................6

    B.    First Cause of Action – Denial of Right of Access to the Court Under 42 U.S.C. § 1983.......................................................................................6

        1.    Defendant Cantando is a Redundant Party and Should be Dismissed as He is Being Sued in His Official Capacity as Former Chief of Police of the Antioch Police Department (APD), a Subdivision of the City of Antioch............................................................................7

    C.    Plaintiffs Fail to Plead a Viable Cause of Action Per 42 U.S.C. § 1983 in Their First Cause of Action for Denial of Right of Access to the Court....................8

    D.    Second Cause of Action - Denial of Right of Access to the Court Under 42 U.S.C. § 1983.......................................................................................9

        1.    Monell Liability Standards .........................................................9

        2.    Plaintiffs do Not Sufficiently Plead a Monell Cause of Action as They Cannot Sufficiently Allege Any Underlying Constitutional Violation ....................................................................................11

        3.    Even if a Constitutional Violation is Found to Have Been Sufficiently Pled, Plaintiffs Have Not Presented Evidence to Support a Viable Monell Claim ...................................................11

    E.    Third Cause of Action - Conspiracy to Violate Civil Rights Under 42 U.S.C. § 1985, 42 U.S.C. § 1986 .....................................................12

        1.    Plaintiffs Have Failed to Plead Facts Necessary To Support a Cause of Action for Conspiracy .................................................12

        2.    Plaintiffs 42 U.S.C. § 1986 Claim Fails as They Plead No Facts to Support Their Claim .................................................................14

    F.    Sixth Cause of Action - Negligence........................................................14

1.      Plaintiffs' Fail to Allege a Statutory Basis For Recovery for Negligence ..................................................................................................14

2.      Even if Plaintiffs Can State a Claim for Negligence, Defendants are Immune From Liability..........................................................................15

V. CONCLUSION.............................................................................................................16

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

**Cases**

Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970) ...............................................11

Antique Arts Corp. v. City of Torrance, 39 Cal.App.3d 588 (Cal. App. 1974)...................15

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)...................................................................5, 6

Bedford v. City of Hayward, 2012 U.S. Dist. LEXIS 148875, at *43-44 (N.D. Cal. 2012) ..........14

Bell Atl. Corp v. Twombly, 127 S.Ct. 1955, 1965 (2007)...............................................................5

Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997)..................................................10

Burns v. City of Concord, 99 F. Supp. 3d 1007, 1031 (N.D. Cal. 2015)............................8, 9, 12

Butler v. Elle, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002) ..............................................................7

Christopher v. Harbury, 536 U.S. 403, 412-415 (2002) ...............................................................8

Collins v. City of Harker Heights, 503 U.S. 115, 120 (1992) .....................................................11

Conway v. Geithner, 2012 WL 1657156 *2 (N.D. Cal. 2012) ......................................................6

Delew v. Wagner, 143 F.3d 1219, 1223 (9th Cir. 1998) ..............................................................8

Demarest v. City of Vallejo Cal., U.S. Dist. LEXIS 23286, at *10 (E.D. Cal. Feb. 17, 2017) ........8

Eastburn v. Regional Fire Protection Authority, 31 Cal.4th 1175, 1180 (2003) .......................14

Ferris v. City of San Jose, 2011 U.S. Dist. LEXIS 132984, at *14 (N.D. Cal. 2011) ....................6

Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007) .............................................................7

Flores v. Satz, 137 F.3rd 1275, 1278 (11th Cir. 1988) .................................................................8

Fontana v. Alpine Cty., 750 F. Supp. 2d 1148, 1154 (E.D. Cal. 2010) ........................................7

Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995) ..................................................10

Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th. Cir. 1992) ...................................................10

Goldstein v. City of Long Beach, F.3rd 750, 753 (9th Cir. 2013)..................................................7

Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) .............................................................9

Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) ......................................................................13

Hartzler v. City of San Jose, 46 Cal. App. 3d 6, 9 (1975) ..........................................................16

Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988) ...............................13, 14

Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987)...................................................6

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993)..........................................................................................................................12

Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997).................................................................7

Megargee v. Wittman, 2006 U.S. Dist. LEXIS 78954, at *30 (E.D. Cal. 2006)...........................15

Monell v. New York Dep't of Social Services, 436 U.S. 658, 691 (1978............................ Passim

Moore v. Yakima Cty, 1991 U.S. App. LEXIS 24513, at *10 (9th Cir. 1991) .........................7, 9

Munoz v. City of Union City, 120 Cal.App.4th 1077, 1112 (2004)...............................................14

Nelson v. County of Sacramento, 926 F.Supp.2d 1159, 1170 (E.D. Cal. 2013) ...........................9

Nelson v. Skehan, 386 Fed. Appx. 783, 786 (10th Cir. 2010)........................................................8

Partington v. Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995) ..........................................................6

Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) .................10

Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) ...............................6

Sanders v. City of Fresno, 2006 U.S. Dist. LEXIS 48582, at *32-37 (E.D. Cal. 2006)................15

Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998) ....................................................................13

Sorgen v. City and County of San Francisco, 2006 U.S. Dist. LEXIS 68257, *10 (N.D. Cal. 2006) .....................................................................................................................................15

Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir 1986) ...........................................................14

Vance v. Cnty. Of Santa Clara, 928 F.Supp. 993, 995-996 (N.D.Cal. 1996).................................9

Wells v. Board of Trustees of California State University, 393 F. Supp 2d 990, 996 (N.D. Cal. 2005)..........................................................................................................................................13

Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1145-46 (2002) .............................................16

**Statutes**

42 U.S.C. § 1983...................................................................................................... passim

42 U.S.C. § 1985......................................................................................................12, 14

42 U.S.C. § 1985(3) ..................................................................................................3, 13

42 U.S.C. § 1986......................................................................................................12, 14

Cal. Gov't Code § 815(a) ................................................................................................14

Cal. Gov. Code §§ 815(b) ...............................................................................................16

Cal. Gov. Code §§ 815.2.................................................................................................16

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Cal. Gov't Code § 820.2 .................................................................................................. 14

Cal. Gov't Code § 845 ..................................................................................................... 15

Cal. Gov. Code § 846 ...................................................................................................... 16

Federal Rule of Civil Procedure 8(a)(2) ........................................................................... 5

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 1, 5

1

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## NOTICE

TO PLAINTIFFS:

PLEASE TAKE NOTICE that on August 3, 2017, at 10:00 a.m., or as soon thereafter as this matter can be heard, in United States District Court Northern District, Defendants CITY OF ANTIOCH and ALLAN CANTANDO ("Antioch Defendants") will and hereby do move this Court to dismiss portions of Plaintiffs' Complaint.

This motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) on the grounds that portions of Plaintiffs' Complaint, as set forth more fully in the Memorandum of Points and Authorities below, fail to assert any viable cause of actions against the Antioch Defendants. This motion is based on this notice, the Memorandum of Points and Authorities below, the Declaration of Noah G. Blechman, Esq., and such further evidence and oral argument as may be presented at the hearing on this matter.

## I. INTRODUCTION

This civil lawsuit arises, not from a shooting by the police, but from the fatal shooting of decedent Demarco Childs ("Childs") by citizen Defendant Valentino Walker ("Defendant Walker"), in self-defense. This suit was brought by Childs' three minor children, the administrator of his estate, Derek Childs, who is also his biological brother, his mother Cathy Childs, father Jester Childs, and Charisse Mahoney, the mother of his children ("Plaintiffs"). In this wrongful death suit against Defendant Walker, Plaintiffs also make federal and state claims against the City of Antioch and former Antioch Police Department (APD) Chief Allan Cantando (only Chief Cantando is mentioned in the various causes of actions, not the City of Antioch, though the City is named in the caption), alleging a failure to conduct a proper investigation into the shooting incident. Antioch Defendants move this Court to dismiss portions of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), without leave to amend, as to the following claims:[1]

- First Cause of Action for Denial of Right of Access to the Court

---

[1] These are the only claims against these moving Defendants in the Complaint.

DEFENDANTS' NOTICE OF MOTION AND MEMO OF PTS.     1
AND AUTHORITIES IN SUPPORT OF RULE 12(b)(6)
MOTION - C17-0719 MEJ

- Second Cause of Action for <u>Monell</u> liability
- Third Cause of Action for Conspiracy
- Sixth Cause of Action for Negligence

First, Defendant Cantando is sued in his official capacity only, as former Chief of Police for the City of Antioch, and thus is a redundant defendant to the City of Antioch and should be dismissed from this suit. Furthermore, the facts pled in the Complaint are completely deficient and devoid of any facts that would allow the Court to reasonably infer that the Antioch Defendants denied the Plaintiffs' access to the courts, acted negligently or were in a conspiracy to deny Childs Equal Protection of the law. Plaintiffs further fail to sufficiently plead their <u>Monell</u> claim.

Plaintiffs' Complaint should therefore be dismissed as to the First Cause of Action for Denial of Right of Access to the Court, Second Cause of Action for <u>Monell</u> liability, Third Cause of Action for Conspiracy, and Sixth Cause of Action for Negligence, without leave to amend, as leave to amend would be futile.

## II.   ISSUES TO BE DECIDED

The issues to be decided in this motion and short answers are as follows:

**ISSUE No. 1:** Did Plaintiffs state a viable claim upon which relief can be granted under the First Cause of Action for Denial of Right of Access to the Court against Antioch Defendants?

<u>ANSWER:</u>   No. Plaintiffs fail to plead facts that support a viable cause of action under 42 U.S.C. § 1983.

**ISSUE No. 2:** Did Plaintiffs state a viable claim upon which relief can be granted under the Second Cause of Action for <u>Monell</u> liability against the Antioch Defendants?

<u>ANSWER:</u>   No. Plaintiffs failed to plead facts showing the City of Antioch had a policy, custom, or practice that was the moving force behind a constitutional violation, nor any actions by Chief Cantando that can relate to this type of claim.

**ISSUE No. 3:** Did Plaintiffs state a viable claim under the Third Cause of Action for Conspiracy to deny Equal Protection of the law against Antioch Defendants?

<u>ANSWER:</u>   No. Plaintiffs failed to plead facts to show that Antioch Defendants'

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  actions were motivated by any racial or class based discrimination necessary under § 1985(3) in

2  conspiracy for the purpose of violating Childs' constitutional rights

3  **ISSUE No. 4:** Did Plaintiffs state a viable claim under the Sixth Cause of Action for

4  Negligence?

5  ANSWER:   No. Plaintiffs fail to set forth any statutory basis for recovery and the

6  Antioch Defendants are immune from liability.

7  ## III.   FACTUAL BACKGROUND

8  Plaintiffs filed a civil complaint for damages ("Complaint") on February 13, 2016, arising

9  out of the fatal shooting of Childs by Defendant Walker. (Complaint, attached as "**Exhibit A**" to

10  Declaration of Noah G. Blechman).   According to Plaintiffs, on Saturday February 13, 2016,

11  Defendant Walker followed Childs into a gas station and attacked Childs as he was exiting the

12  store. (Id., ¶ 31).  During this altercation, Defendant Walker unjustifiably shot and killed Childs.

13  Defendant Walker was then "inexplicably" released from the scene without being arrested. (Id.,

14  ¶¶ 24-25).  Both men have children with Plaintiff Charisse Mahoney ("Plaintiff Mahoney") and

15  Defendant Walker had a history of harassing and stalking Childs and made threats that caused

16  Childs to fear for his life. (Id., ¶ 33).

17  Plaintiffs claim officers of the APD covered up Defendant Walker's murder of Childs.

18  (Id., ¶ 29).  In support of this allegation, Plaintiffs state at least one APD officer falsely informed

19  the Sheriff's Department that Defendant Walker had an active restraining order against Childs.

20  (Id., ¶¶ 27, 30).  Plaintiffs claim they were informed by Contra Costa County Deputy District

21  Attorney ("DA") that Childs had encountered Defendant Walker at the gas station and brandished

22  a firearm at him.  (Id., ¶ 26).  According to the DA, Defendant Walker took the gun from Childs

23  at some point and Childs told Defendant Walker he had another gun in his ankle.  (Id.).  At that

24  point, Defendant Walker allegedly shot at Childs.  (Id.).  The DA said everything was caught on

25  tape and each shot was justified.  (Id., ¶ 26).  Plaintiffs claim the video footage of the incident

26  "clearly contradicts" the account of the incident given by the APD[2].  (Id., ¶ 36).

27

28  ---

[2] Plaintiffs do not specify in their Complaint what they allege the APD's account of the incident is besides a finding that the shooting was in self-defense.  It appears Plaintiffs believe APD's account is the same as that of the DA's

DEFENDANTS' NOTICE OF MOTION AND MEMO OF PTS.   3
AND AUTHORITIES IN SUPPORT OF RULE 12(b)(6)
MOTION - C17-0719 MEJ

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Plaintiffs allege the City of Antioch has a pattern of failing to investigate claims of "self-defense" resulting in death. (Id., ¶ 42). Plaintiffs state the City of Antioch has been faced with several lawsuits surrounding officer misconduct, though Plaintiffs fail to identify any of those alleged suits[3]. (Id.). Plaintiffs claim the APD has ruled two other murders as self-defense when the evidence clearly indicated a murder had been committed and provides two examples of other shooting incidents. (Id., ¶¶ 42-44). Plaintiffs claim each of the Antioch Defendants has caused or is responsible for "intentional and/or negligent conduct and resulting harm" by either participating in it, acting in concert with others, authorizing it, condoning it, or failing to prevent the unlawful conduct through "adequate policies, procedures and protocols," and by "ratifying and condoning the unlawful conduct" of others under their control. (Id.).

In their Complaint (Exh. A), Plaintiffs raise four causes of action against the City of Antioch and former Chief Allan Cantando. In Plaintiffs' First Cause of Action, Plaintiffs claim they were denied access to the Court under 42 U.S.C. § 1983 by Defendant Cantando and other unnamed APD officers as they allegedly failed to conduct a proper investigation into the incident that resulted in Childs' death. (Id., ¶ ¶ 50-51). Specifically, Plaintiffs claim the APD concluded Defendant Walker killed Childs in self-defense while ignoring evidence that "provided proof of foul play in the accident" (sic). (Id., ¶ 53). Plaintiffs further claim Defendant Cantando and other unnamed officers "intentionally distorted and concealed evidence," specifically evidence that incriminated Defendant Walker. (Id., ¶ 56). In addition, Plaintiffs claim Defendant Cantando and other APD officers failed to "develop further evidence that would identify and incriminate Defendant Walker" and "actively engaged in covering up the murder and calling it self-defense" thereby denying Plaintiffs access to court in taking action against Defendant Walker. (Id.). Plaintiffs claim they have suffered compensatory and punitive damages as a result of this "blatant and outrageous conduct." (Id., ¶ 57).

In Plaintiffs' Second Cause of Action, Plaintiffs make Monell causes of action, alleging

---

Office, which is not a party to this lawsuit. Furthermore, no criminal charges were filed against Defendant Walker as the DA found that the shooting was in self-defense.
[3] These alleged lawsuits appear to relate to general officer misconduct rather than specifically failing to investigate "self-defense" claims in fatal incidents, though the claimed lawsuits were never identified.

DEFENDANTS' NOTICE OF MOTION AND MEMO OF PTS.     4
AND AUTHORITIES IN SUPPORT OF RULE 12(b)(6)
MOTION - C17-0719 MEJ

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1  Defendant City of Antioch failed to implement appropriate policies, training methods, and

2  practices, resulting in the improper investigation of Childs' murder by Defendant Walker. (Id., ¶¶

3  58-62).

4        In Plaintiffs' Third Cause of Action, Plaintiffs allege Antioch Defendants conspired to

5  violate Plaintiffs' civil rights under 42 U.S.C. § 1985 and failed to intervene pursuant to 42

6  U.S.C. § 1986. (Id., ¶¶ 63-68).

7        In Plaintiffs' Sixth Cause of Action, Plaintiffs make a claim of negligence against all

8  Defendants (Antioch Defendants and Walker), alleging all Defendants had a duty to "exercise

9  reasonable care in the hiring and training of peace officers to avoid exposing persons, including

10  Plaintiffs and Decedent, to an unreasonable risk of harm." (Id., ¶ 82).   Plaintiffs claim each

11  Defendant knew or should have known their acts and omissions created "an actual dangerous

12  condition" and that their wrongful conduct proximately caused Childs' wrongful death and

13  Plaintiffs' damages. (Id., ¶¶ 83-84).  None of these claims have merit or state a viable claim for

14  relief against these moving Defendants.

15                  **IV.   LEGAL ANALYSIS**

16      **A.  Legal Standards**

17          1.  FRCP 12(b)(6)

18        Under FRCP 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state

19  a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A pleading that states a

20  claim for relief must contain "a short and plain statement of the claim showing that the pleader is

21  entitled to relief."  FRCP 8(a)(2).  While this pleading standard does not require detailed factual

22  allegations, it does demand more than an unadorned the-defendant-unlawfully-harmed-me

23  accusation.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  A pleading that offers "labels and

24  conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  Id.

25  (quoting Bell Atl. Corp v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  Nor does a complaint suffice

26  if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id.  Factual allegations

27  must be enough to raise a right to relief above the speculative level.  Twombly, 127 S.Ct. at 1965.

28        A complaint may be dismissed under FRCP 12(b)(6) as a matter of law for one of two

1   reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal

2   claim. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). To survive a

3   motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a

4   claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. A claim has facial

5   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

6   inference that the defendant is liable for the misconduct alleged. Id. Where the pleaded facts do

7   not permit the court to infer more than a mere possibility of misconduct, the complaint has

8   alleged –but it has not "show[n]"- that the pleader is entitled to relief. Id. at 1950.

9        The tenet that a court must accept as true the allegations contained in a complaint is

10  inapplicable to a legal conclusion. Conclusions are not entitled to the assumption of truth and

11  threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

12  do not suffice. Id. at 1949-1950. Likewise, the Court need not accept as true allegations

13  contradicted by judicially noticeable facts. Ferris v. City of San Jose, 2011 U.S. Dist. LEXIS

14  132984, at *12 (N.D. Cal. Nov. 16, 2011).

15       2.  Dismissal Without Leave to Amend

16       When granting a motion to dismiss, the court is generally required to grant the plaintiff

17  leave to amend. However, leave to amend is not warranted if an amendment would be futile

18  because the pleading could not possibly be cured by the allegation of other facts. Partington v.

19  Bugliosi, 56 F.3d 1147, 1162 (9th Cir. 1995) (denying leave to amend where plaintiff had failed

20  to state a claim for defamation); see also Conway v. Geithner, 2012 WL 1657156 *2 (N.D. Cal.

21  2012) (denying leave to amend in case of absolute immunity because the amendment would be

22  futile); Ferris v. City of San Jose, 2011 U.S. Dist. LEXIS 132984, at *14 (N.D. Cal. 2011).

23  **B.  First Cause of Action - Denial of Right of Access to the Court Under 42 U.S.C. §
24  1983**

25       In order to state a claim under 42 U.S.C. § 1983, Plaintiffs must sufficiently allege that the

26  "(1) the conduct that harm[ed] [Plaintiffs] [was] committed under color of state law (*i.e.*, state

27  action), and (2) the conduct . . . deprive[d] [Plaintiffs] of a constitutional right." Ketchum v.

28  Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987). In order for their claims to pass muster,

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Plaintiffs must provide specific allegations that they were harmed by conduct committed under color of state law and that they were subsequently deprived of a constitutional right as a result of that conduct. "[V]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Moore v. Yakima Cty, 1991 U.S. App. LEXIS 24513, at *10 (9th Cir. 1991) (citations omitted).

As explained in further detail below, Plaintiffs do not set forth sufficient allegations that they were harmed by state action that caused a deprivation of their or Childs' constitutional rights.

### 1. Defendant Cantando is a Redundant Party and Should be Dismissed as He is Being Sued in His Official Capacity as Former Chief of Police of the Antioch Police Department (APD), a Subdivision of the City of Antioch.

Plaintiffs' claim under 42 U.S.C. § 1983 is premised on their allegation that they were denied their right of access to the courts by Defendant Cantando and other unnamed APD Officers. (Exh. A, ¶¶ 50-57). This cause of action against Defendant Cantando fails as state officials sued in their official capacity for damages are not persons for purposes of § 1983. *See* Goldstein v. City of Long Beach, F.3rd 750, 753 (9th Cir. 2013); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damages awarded." Butler v. Elle, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). "For this reason, when both an officer and the local government entity are named in a lawsuit and the officer is named in official capacity only, the officer is a **redundant defendant** and may be dismissed[4]." Fontana v. Alpine Cty., 750 F. Supp. 2d 1148, 1154 (E.D. Cal. 2010) (quoting Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997)) (emphasis added).

In this lawsuit, Plaintiffs name former APD Chief Allan Cantando acting solely in his official capacity as former Chief of Police of the APD, a department of the City of Antioch. (Id., ¶ 19). Plaintiffs are essentially naming both the City of Antioch and the Antioch Police Department under this section 1983 claim. Accordingly, Defendant Cantando is a redundant

---

[4] Defendant Cantando is a redundant party to all four causes of action brought against him.

1    party and should be dismissed from this action entirely without leave to amend[5].  *See* Demarest v.

2    City of Vallejo Cal., U.S. Dist. LEXIS 23286, at \*10 (E.D. Cal. Feb. 17, 2017).  Defendant

3    Cantando is a redundant party to all claims made against both Cantando and the City of Antioch

4    so he should be dismissed from this action on that basis.

### C. Plaintiffs Fail to Plead a Viable Cause of Action Per 42 U.S.C. § 1983 in Their First Cause of Action for Denial of Right of Access to the Court

7           Plaintiffs fail to plead a viable federal civil rights cause of action against the Antioch

8    Defendants.  Claims for denial of access to the courts may arise from the frustration or hindrances

9    of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a

10   meritorious suit that cannot now be tried (backward-looking claim).  Christopher v. Harbury, 536

11   U.S. 403, 412-415 (2002).  For backward-looking denial of access claims (such as this one),

12   where an underlying claim allegedly "cannot now be tried (or tried with all material evidence)"

13   because official action caused the loss or inadequate settlement of a meritorious case, the loss of

14   an opportunity to sue, or the loss of an opportunity to seek some particular order of relief, "the

15   complaint must identify a remedy that may be awarded as recompense but not otherwise available

16   in some suit that may yet be brought."  Id. at 413-415.

17          The Ninth Circuit has made clear that to prevail on a backward-looking denial of access

18   claim that is based on a defendant's "cover-up" of evidence, a plaintiff must demonstrate that the

19   defendant's cover-up rendered other available remedies ineffective.  Delew v. Wagner, 143 F.3d

20   1219, 1223 (9th Cir. 1998) (Plaintiff's denial of access claim was dismissed as plaintiff was

21   currently pursuing an action based on the underlying claim (wrongful death) and it was not yet

22   clear whether the defendants' alleged cover-up rendered that action ineffective).

23          Importantly, there is no federal right "to seek criminal justice" or "to a certain kind of

24   investigation or prosecution."  *See* Burns v. City of Concord, 99 F. Supp. 3d 1007, 1031 (N.D.

25   Cal. 2015), *citing* Nelson v. Skehan, 386 Fed. Appx. 783, 786 (10th Cir. 2010) ("Nelson has no

26   constitutional right to have the Skehans and Trout prosecuted.") (citations omitted); Flores v.

27

28

---

[5] In the event Plaintiffs' claim passes muster, Defendants assume this claim will be against the City of Antioch.

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5310

1   Satz, 137 F.3rd 1275, 1278 (11th Cir. 1988) ("That the prosecution did not investigate properly or

2   prosecute expeditiously the charges against him does not violate clearly established constitutional

3   rights."). Moreover, an allegation of inadequate investigation by a police department will not

4   support a section 1983 claim. Moore v. Yakima Cty, 1991 U.S. App. LEXIS 24513, at *10;

5   Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (No due process right to have "full and

6   fair police investigation" into violence against Plaintiffs or their children.).

7        Here, Plaintiffs claim Defendant Cantando and unnamed APD officers failed to conduct a

8   proper investigation and "intentionally distorted and concealed" evidence from the crime scene

9   which resulted in a denial of their right of access to the courts. (Exh. A, ¶¶ 55-56). However,

10  Plaintiffs do not demonstrate how Defendants' alleged cover-up rendered other available

11  remedies ineffective. As the applicable authorities make clear, a police department's failure to

12  "conduct a proper investigation" is not grounds for a section 1983 claim. While Plaintiffs allege

13  the APD covered-up the murder and called it self-defense (and the DA also determined it was

14  self-defense), even if taken as true, Plaintiffs cannot prove this conduct made other available

15  remedies ineffective as there is no right "to seek criminal justice" or "to a certain kind of

16  investigation or prosecution." Burns, 99 F. Supp. 3d at 1031. The fact that Plaintiffs claim a

17  cover-up of the murder occurred and may have prevented the criminal prosecution of Defendant

18  Walker does not constitute a viable cause of action under 42 U.S.C. § 1983. Therefore, Plaintiffs'

19  claim that they were denied access to the courts must fail and this claim should be dismissed,

20  without leave to amend.

21      **D.   Second Cause of Action – Monell Liability Under 42 U.S.C. § 1983**

22          **1.   Monell Liability Standards**

23      Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where

24  official policy or custom causes a constitutional tort. Monell v. NewYork City Dept. of Social

25  Services, 436 U.S. 658, 690 (1978). While municipalities are "persons" under § 1983, this does

26  not include municipal departments. Nelson v. County of Sacramento, 926 F.Supp.2d 1159, 1170

27  (E.D. Cal. 2013) (citing Vance v. Cnty. Of Santa Clara, 928 F.Supp. 993, 995-996 (N.D.Cal.

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

DEFENDANTS' NOTICE OF MOTION AND MEMO OF PTS.      9
AND AUTHORITIES IN SUPPORT OF RULE 12(b)(6)
MOTION - C17-0719 MEJ

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   1996)). Thus, this claim may only be made against the City of Antioch. [6]

2   However, a city or county may not be held vicariously liable for the unconstitutional acts

3   of its employees under the theory of *respondeat superior*.  Board of County Comm'rs v. Brown,

4   520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534

5   (9th Cir. 1995).   To impose municipal liability under § 1983 for a violation of constitutional

6   rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or

7   she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to a

8   deliberate indifference to the plaintiff's constitution rights; and (4) that the policy is the moving

9   force behind the constitutional violation. *See* Plumeau v. School Dist. #40 County of Yamhill,

10  130 F.3d 432, 438 (9th Cir. 1997).

11  Liability based on a municipal policy may be satisfied in one of three ways: (1) by

12  alleging and showing that a city or county employee committed the alleged constitutional

13  violation under a formal governmental policy or longstanding practice or custom that is the

14  customary operating procedure of the local government entity; (2) by establishing that the

15  individual who committed the constitutional tort was an official with final policymaking

16  authority, and that the challenged action itself was an act of official governmental policy which

17  was the result of a deliberate choice made from amount various alternative; or (3) by proving that

18  an official with final policymaking authority either delegated policymaking authority to a

19  subordinate or ratified a subordinate's unconstitutional decision or action and the basis for it.

20  Fuller, at 1534; Gillette v. Delmore, 979 F.2d 1342, 1346-47 (9th. Cir. 1992).

21  It is "not enough for a § 1983 plaintiff merely to identify conduct attributable to the

22  municipality.  Board of County Comm'rs, 520 U.S. at 404.   Rather, the plaintiff must establish

23  deliberate indifference; that is "through its *deliberate* conduct, the municipality was the 'moving

24  force' behind the injury alleged." Id. (emphasis in original).   [A] plaintiff must show that the

25  municipal action was taken with the requisite degree of culpability and must demonstrate a causal

26  link between the municipal action and the deprivation of federal rights. Id.

27

28  [6] Plaintiffs make this claim against Defendant Cantando and unnamed officers which is improper.  Defendants are treating this claim as if it is being made against the City of Antioch.

### 2. Plaintiffs do Not Sufficiently Plead a <u>Monell</u> Cause of Action as They Cannot Sufficiently Allege Any Underlying Constitutional Violation.

It is well settled that before any alleged <u>Monell</u> claim becomes relevant, a plaintiff must first establish an underlying constitutional or federal violation against the officer in question. Without any finding of such a constitutional or federal violation, there is no need to assess whether a policy or custom of the local government entity was the moving force behind the violation for the purposes of establishing <u>Monell</u> responsibility. <u>Collins v. City of Harker Heights</u>, 503 U.S. 115, 120 (1992) (citing <u>Monell</u>, at 691 (1978).) As explained above, Plaintiffs failed to plead sufficient facts that establish a constitutional violation occurred. On these grounds alone, Plaintiffs cannot sufficiently plead a <u>Monell</u> cause of action and this claim should be dismissed.

### 3. Even if a Constitutional Violation is Found to Have Been Sufficiently Pled, Plaintiffs Have Not Presented Evidence to Support a Viable <u>Monell</u> Claim.

Even assuming arguendo Plaintiffs have adequately plead a Constitutional violation, Plaintiffs have not sufficiently plead that any such arguable violation of constitutional and/or federal rights should be imputed to the City of Antioch per <u>Monell</u>. Under <u>Monell</u>, a public entity can only be held liable under 42 U.S.C. § 1983 if the plaintiff has shown that a constitutional violation was caused by either an express policy of the entity or by a practice of the entity which is "so permanent and well-settled as to constitute a 'custom or usage' with the force of law." <u>Monell</u>, 436 U.S. at 691. To prove that the <u>Monell</u> Defendants had a custom which caused Plaintiffs' alleged injuries, <u>they must show that the practices are "persistent and widespread...permanent and well-settled."</u> <u>Id.</u>, (citing, <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 167-68 (1970))(emphasis added). An unconstitutional policy need not be formal or written to create liability under § 1983; however, it must be so permanent and well settled as to constitute a custom or usage with the force of law. <u>Id</u>.

Plaintiffs claim the City of Antioch ("City") failed to implement appropriate policies, training methods, and practices. Specifically, Plaintiffs allege the City failed to enforce disciplinary measures that would prevent civil rights violations and that this resulted in the

improper investigation of Childs' alleged murder. (Exh A, ¶¶ 58-61). Plaintiffs further allege the City adopted "careless and reckless policies, customs, and practices" which proximately caused "the loss and death of Demarco Childs." (Exh A, ¶ 62). Plaintiffs' allegations are insufficient.

First, Plaintiffs' allegation that the City's alleged failure to enforce disciplinary measures resulted in the improper investigation of Childs' death does not support any viable <u>Monell</u> cause of action as failing to conduct a proper investigation and/or criminal prosecution does not constitute a constitutional violation. *See* <u>Burns</u>, 99 F. Supp. 3d at 1031. Secondly, Plaintiffs have not sufficiently plead any facts to support their conclusory allegation that the City adopted or implemented "careless and reckless" customs and practices which caused the "loss and death" of Childs (at the hands of Defendant Walker). Indeed, Plaintiffs believe Childs was murdered by Defendant Walker, which has nothing to do with any alleged customs or practices of the City having caused Childs' death. Absent competent allegations that demonstrates that the City had a policy, practice, or custom that **caused a constitutional or federal injury**, Defendants are not liable for monetary damages in a § 1983 suit. <u>Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 166 (1993) ("a municipality ... cannot be held liable [under § 1983] unless a municipal policy or custom caused the constitutional injury")(emphasis added).

Finally, Plaintiffs have not pleaded any evidence of a widespread policy or custom of the City which resulted in a violation of their rights. To the extent Plaintiffs rely solely on their own allegations for such a theory, this is clearly insufficient. Therefore, Plaintiffs' <u>Monell</u> claims fail and should be dismissed, without leave to amend.

**E. Third Cause of Action - Conspiracy to Violate Civil Rights Under 42 U.S.C. § 1985, 42 U.S.C. § 1986**

**1. Plaintiffs Have Failed to Plead Facts Necessary To Support a Cause of Action for Conspiracy.**

First of all, Plaintiffs have failed to sufficiently allege any underlying civil rights claim so they cannot try to claim conspiracy to violate such right (as they have no viable constitutional claim). On that basis alone, this claim fails.

Looking at the substance of this claim, Plaintiffs' conspiracy claim to violate civil rights

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    under 42 U.S.C. § 1985(3) must fail.  Plaintiffs have presented no evidence of any racial or class

2    based discriminatory animus in their Complaint necessary for a claim under 42 U.S.C. § 1985(3).

3    A claim under § 1985 must allege facts to support the allegation that defendants conspired

4    together.  Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988).  The elements of

5    a 42 U.S.C. § 1985(3) claim are (1) the existence of a conspiracy to deprive the plaintiff of the

6    equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury.

7    Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998).  It has been well defined that an essential

8    element of the conspiracy claim under §1985(3) is "some racial, or perhaps otherwise class-based,

9    invidiously discriminatory animus behind the conspirators' action."  Griffin v. Breckenridge, 403

10   U.S. 88, 102 (1971).  Plaintiffs have failed to plead a necessary element of the claim.

11        In Wells, the Court found that although the complaint alleged several acts undertaken by

12   Defendants in retaliation for exercise of free speech, the Plaintiff failed to allege Defendants

13   agreed among themselves to deprive him of the Equal Protection of the laws and failed to allege

14   actions taken were motivated by any racial or class based discriminatory animus necessary.

15   Wells v. Board of Trustees of California State University, 393 F. Supp 2d 990, 996 (N.D. Cal.

16   2005).  Thus, the Wells Court held that plaintiff did not sufficiently plead their cause of action for

17   conspiracy under § 1985(3) and it was dismissed.  Id.

18        As is the case here, Plaintiffs have not provided any evidence of a meeting of the minds

19   among the alleged conspirators to violate Childs' civil rights, nor are there any allegations that

20   Antioch Defendants actions were motivated by any racial or class based discrimination necessary

21   under a § 1985(3) cause of action.  (See Exh. A, ¶¶ 63-67).  Plaintiffs fail to plead any facts that

22   would allow the Court to draw a reasonable inference that Defendants acted jointly with the other

23   Defendants motivated by any racial or class based discrimination to deprive Childs of his civil

24   rights, or any Plaintiffs.  Instead, Plaintiffs make conclusory allegations of a conspiracy to "cover

25   up" the murder which resulted in a violation of Childs' civil rights.  (Id.).

26        There is no evidence that there was any meeting of the minds and/or any evidence that

27   officers entered into a plan to deny Childs' Equal Protection under the law or violate his civil

28   rights in any way, or any other Plaintiffs.  As Plaintiffs do not plead any of the necessary

elements to this cause of action, Plaintiffs' conspiracy claim must fail.

### 2. Plaintiffs 42 U.S.C. § 1986 Claim Fails as They Plead No Facts to Support Their Claim.

As a threshold matter, a claim may be brought under 42 U.S.C § 1986 only if the complaint contains a valid claim under section 1985. <u>Karim-Panahi</u>, 839 F.2d at 626; <u>Trerice v. Pedersen</u>, 769 F.2d 1398, 1403 (9th Cir 1986).  Section 1986 provides a cause of action against anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing the commission of the same, neglects or refuses so to do." 42 U.S.C. § 1986.  Section 1986 requires the defendants knew of a § 1985 conspiracy and, "having the power to prevent or aid in preventing the implementation of the conspiracy, neglected to do so." <u>Bedford v. City of Hayward</u>, 2012 U.S. Dist. LEXIS 148875, at *43-44 (N.D. Cal. 2012) (citations omitted).

Plaintiffs' § 1986 claim fails as they not only fail to plead a sufficient § 1985 cause of action, but also fail to plead any facts indicating Antioch Defendants knew of a conspiracy and had the power to prevent it but neglected to do so.   Plaintiffs <u>plead no facts</u> to support their § 1986 claim at all.  (<u>Id</u>.).  Therefore, Plaintiffs' section 1986 claim must be dismissed without leave to amend.

### F.  <u>Sixth Cause of Action – Negligence</u>

### 1. Plaintiffs' Fail to Allege a Statutory Basis For Recovery for Negligence.

Public entities are not liable for their own negligent conduct or omission to the same extent as a private person or entity. <u>Eastburn v. Regional Fire Protection Authority</u>, 31 Cal.4th 1175, 1180 (2003).  Public entities cannot be held liable in tort for negligence except where there is a specific statute declaring them to be liable or creating a specific duty of care. <u>Id</u>., <u>Munoz v. City of Union City</u>, 120 Cal.App.4th 1077, 1112 (2004).  Cal. Gov't Code § 815(a) provides that, "*Except as otherwise provided by statute…[a] public entity is not liable for an injury*, whether such injury arises out of an act or omission of the public entity or a public employee or any other person" (emphasis added).  Cal. Gov't Code § 820.2 further provides that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1    of the exercise of discretion vested in him, whether or not such discretion be abused."

2    Moreover, several United States District Courts have found no state statutory basis for a

3    claim that a municipality is directly liable for the negligent hiring, supervision, or training of its

4    police officers, and such a cause of action must be dismissed.  Megargee v. Wittman, 2006 U.S.

5    Dist. LEXIS 78954, at *30 (E.D. Cal. 2006); See also Sanders v. City of Fresno, 2006 U.S. Dist.

6    LEXIS 48582, at *32-37 (E.D. Cal.  2006); Sorgen v. City and County of San Francisco, 2006

7    U.S. Dist. LEXIS 68257, *10 (N.D. Cal. 2006).

8    Plaintiffs do not plead a cognizable negligence claim.  Plaintiffs claim the City (and

9    Defendant Cantando)[7] had a duty to exercise reasonable care in the hiring and training of peace

10   officers to avoid an unreasonable risk of harm.  (Exh. A, ¶ 82).  Plaintiffs, however, do not

11   provide any statutory provisions declaring a duty of care with respect to hiring and training of

12   peace officers.  To the contrary, the applicable authority state there is no statutory basis for such a

13   cause of action.  In addition, Plaintiffs fail to plead how the hiring or training of officers had

14   anything to do with citizen Defendant Walker's shooting of Childs.  Plaintiffs clearly fail to plead

15   sufficient facts to support a negligence cause of action[8].  Thus, Plaintiffs' negligence claim fails

16   and should be dismissed, without leave to amend.

17       **2.  Even if Plaintiffs Can State a Claim for Negligence, Defendants are**

18           **Immune From Liability.**

19   Even if Plaintiff could state a claim for negligence against the City of Antioch, absolute

20   immunity applies.  Cal. Gov't Code § 845, of the California Tort Claims Act, provides that,

21   "*Neither a public entity nor a public employee is liable* for failure to establish a police

22   department or otherwise to provide police protection service or, if police protection service is

23   provided, *for failure to provide sufficient police protection service*" (emphasis added).  The

24   statutory scheme of Cal. Gov't Code § 845 "makes it clear that failure to provide adequate police

25   protection will not result in governmental liability."  Antique Arts Corp. v. City of Torrance, 39

26   ───────────────────────────────

27   [7] Naming Defendant Cantando is improper as a claim for "negligent selection, training, retention, supervision and
     discipline" made against the Police Chief is "in fact a direct liability against the public entity."  Sanders, U.S. Dist.
     LEXIS 48582, at *35.

28   [8] It appears Plaintiffs may also be making a conclusory general negligence claim in stating Defendants had a "duty of
     care to avoid causing unnecessary physical harm and distress" without alleging specific facts.  (Exh. A, ¶¶ 81-84).

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Cal.App.3d 588 (Cal. App. 1974).   In fact, a "police department enjoys absolute, not merely discretionary, immunity" with respect to claims brought against it for its alleged "failure to provide adequate police protection."   Hartzler v. City of San Jose, 46 Cal. App. 3d 6, 9 (1975). An officer also has immunity for failing to "make an arrest" pursuant to Gov. Code § 846 even if a special relationship arises.   Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1145-46 (2002). When an employee has a specific immunity from liability under the Government Claims Act, or has a common law defense, the employer entity is also not liable, except as provided by statute. (Gov. Code §§ 815(b) and 815.2).

Any claim by Plaintiffs that the City of Antioch was negligent in failing to avoid "unnecessary physical harm and distress to persons through their conduct" or in the hiring and training of peace officer does not support a finding that the City of Antioch may be held liable under a negligence claim. (Exh. A, ¶ 82). Accordingly, Plaintiffs do not have a viable negligence claim against the City of Antioch or Chief Cantando.

## V.   CONCLUSION

For the reasons stated above, Plaintiffs' Complaint is based on mere speculation and conclusions that are unsupported by facts and do not suffice to establish necessary legal elements to support Plaintiffs' claims against the Antioch Defendants.   Plaintiffs have failed to state claims upon which relief can be granted on the First Cause of Action for Denial of Right of Access to the Court, Second Cause of Action for Monell liability, Third Cause of Action for Conspiracy, and the Sixth Cause of Action for Negligence.   Antioch Defendants now move this Court to dismiss any and all of Plaintiffs' claims against them raised above, without leave to amend, because Plaintiffs fail to state a claim upon which relief can be granted and failed to show a probability that they can prevail on any of these claims, or that they can amend the Complaint to correct these issues.   Should the Court find any of Plaintiffs' claims pass muster, Defendants respectfully request that Defendant Cantando be dismissed from this action entirely, without leave to amend, as a redundant party.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Dated:  June 6, 2017

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: _____
Noah G. Blechman
Amy S. Rothman
Keren Schlank
Attorneys for Defendants
City of Antioch and Chief Allan Cantando

DEFENDANTS' NOTICE OF MOTION AND MEMO OF PTS.          17
AND AUTHORITIES IN SUPPORT OF RULE 12(b)(6)
MOTION - C17-0719 MEJ

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **DEFENDANTS' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHOEITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER FRCP 12(b)(6)** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

**Plaintiff in Pro Per:**

Derrick Childs
Cathy Childs
Jester Childs
Charisse Mahoney
7901 Oakport Street, Suite 2450
Oakland, CA 94621

Phone: 510-686-3685

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 7, 2017 at Walnut Creek, California.

SABRINA AHIA

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330