UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF ANTIOCH, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-00719-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

## INTRODUCTION

Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed by Defendants City of Antioch and Chief Allan Cantando. Mot., Dkt. No. 15. Plaintiffs Derrick Childs, Cathy Childs, Jester Childs, Charisse Mahoney, D.C., L.C., C.C., and the Estate of Demarco Childs (collectively, "Plaintiffs") filed an Opposition (Dkt. No. 18)[1], and Defendant filed a Reply (Dkt. No. 28). The Court previously vacated the hearing. *See* Dkt. No. 17. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendants' Motion for the following reasons.

## BACKGROUND

Demarco Childs ("Mr. Childs") was shot to death on February 13, 2016 by Defendant

---

[1] The Opposition does not actually address Defendants' arguments on the merits; instead, it restates the allegations of the Complaint, asserts Plaintiffs have stated their claims sufficiently, and requests leave to amend if the Court finds any deficiencies. *See* Opp'n. Plaintiffs also filed declarations providing additional factual information. *See* C. Childs Decl., Dkt. No. 19; D. Childs Decl., Dkt. No. 20. The Court sustains Defendants' objection to the introduction of these documents in connection with this Rule 12(b)(6) Motion. *See* Reply at 2-3. While the Court cannot rely on information that is not included in the Complaint to rule on the Motion to Dismiss, the Court notes the Declarations are very specific and provide additional context for some of the well-pleaded factual allegations of the Complaint.

Valentino Walker. Compl. ¶ 1, Dkt. No. 1. Walker shot Mr. Childs five times, but was released from the scene without being arrested. *Id*. ¶ 25. The District Attorney told Plaintiffs that Mr. Childs had brandished a firearm at Walker, that Walker took the firearm from Mr. Childs, that Mr. Childs told Walker he had another gun in his ankle, that Walker shot Childs, then again shot Childs after Childs started running towards Walker's daughter. *Id*. ¶ 26. The District Attorney stated the incident was caught on tape, and each shot was justified. *Id*.

Plaintiffs allege Defendants erroneously categorized Mr. Childs' death as self-defense while evidence clearly demonstrates he was murdered by Walker. *Id*. ¶ 2. Plaintiff Derrick Childs "has evidence that contradicts the DA's account of events that led to" the death of Mr. Childs. *Id*. ¶ 28. He discovered video footage that depicts part of the incident, and "clearly contradicts the account of the incident" given by Antioch Police Department ("APD"). *Id*. ¶ 36. Mr. Childs and Walker knew each other before the February 13, 2016 incident; both of them had children with Plaintiff Mahoney. *Id*. ¶ 33. Walker had a history of harassing and stalking Mr. Childs; in fact, the two men had had an argument over the phone the day before the incident. *Id*. ¶¶ 32-33. Walker had threatened Mr. Childs several times, and Mr. Childs feared for his life. *Id*. ¶ 33. On the day of the incident, a store clerk at the Chevron Gas Station called 911; the clerk stated that, as Mr. Childs exited the store, he and Walker began to fight in the entrance of the store, and "a series of gun shots followed." *Id*. ¶ 34. An independent forensic expert contradicts APD's version of the events by asserting that Walker's final shots were delivered while Walker straddled Mr. Childs and fired two shots downward while Mr. Childs was lying on the ground either on his stomach or his side. *Id*. ¶ 38. Defendant Cantando concealed evidence from the crime scene and failed to conduct a proper investigation of the incident; he actively engaged in covering up the murder and calling it self-defense. *Id*. ¶ 56.

Plaintiffs allege, on information and belief, that APD covered up Mr. Childs' murder. *Id*. ¶ 29. They contend the City of Antioch has a pattern of failing to investigate claims of self-defense resulting in death. *Id*. ¶ 42. The City has faced several lawsuits surrounding the misconduct of APD Officers, and APD has ruled other murders as self-defense when the evidence clearly indicated murders had been committed. *Id*. For example, APD concluded Jimmy Rider had killed

2

Nyjeah Jenkins to defend himself, another person and his property. *Id*. ¶ 43. As another example, Leo Lopez killed Richard Pareno after Pareno assaulted him by firing unprovoked shots as Pareno as he fled in a van; Pareno died but APD concluded Lopez acted in self-defense. *Id*. ¶ 44.

Although APD officers reported to the Contra Costa Sheriff's Department that Defendant Walker had an active restraining order against Mr. Childs, this was not true. *Id*. ¶¶ 27, 30, 39.

APD officers forced their way into Mahoney's home immediately after the shooting, took personal belongings from the home without a warrant, and took Mahoney to the police station against her will, holding her there for several hours. *Id*. ¶ 40. The officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or other lawful basis to stop, detain, arrest, or search Mahoney. *Id*. ¶ 41. APD officers intimidated her, making threats they would take Mr. Childs' children to Child Protective Services. *Id*. ¶ 41.

Based on these allegations, Plaintiffs assert (1) a claim of denial of access to the Court pursuant to 42 U.S.C. § 1983 against Defendant Cantando, based on his failure to conduct a proper investigation of the incident leading to Mr. Childs' death; (2) a Section 1983 claim against the City of Antioch for failure to implement appropriate policies, training methods and practices based on the City's failures to ensure APD conducted proper investigations; (3) a conspiracy claim against Defendant Cantando pursuant to 42 U.S.C. §§ 1985 & 1986, based on the concealment of forensic and ballistic reports, and other evidence indicating foul play; (4) a Section 1983 claim by Mahoney against Doe Defendants 11-15 based on their unlawful search, seizure, and detention; (5) a wrongful death claim under California law against Walker; (6) a claim for intentional infliction of emotional distress against Walker and Doe Defendants 1-10; and (7) a negligence claim against all Defendants for failure to exercise reasonable care in hiring and training of APD. *Id.* ¶¶ 50-84. Plaintiffs request general damages, special damage, punitive damages, and the costs of suit. *Id.*, Prayer.

Plaintiffs served the City of Antioch and Cantando; they have not served Walker. *See* May 25, 2017 Proof of Serv., Dkt. No. 14. Cantando is being sued in his official capacity as (former) Chief of Police for the City of Antioch. *See* Compl. ¶ 19. Plaintiffs do not allege Walker was an APD officer at the time of the incident, or is involved with the APD in any capacity. Compl.

3

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of

amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Defendants City of Antioch and Cantando move to dismiss each of the claims asserted against them. The Court addresses the viability of each claim in turn.

**A.  Section 1983—Interference with Right of Access to Court**

1.  <u>Applicable Law</u>

Pursuant to 42 U.S.C. § 1983, a plaintiff may assert a cause of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and laws of the United States. Section 1983 is not itself a source of substantive rights, but merely provides a vehicle for a plaintiff to bring federal statutory or constitutional challenges to actions by state and local officials. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

A local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Instead, a municipality is liable only if the individual can establish that the municipality "had a deliberate policy, custom, or practice that was the 'moving force' behind the constitutional violation he [or she] suffered." *Id.* at 694-95; *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *Galen v. Cty. of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007). To hold a public entity liable, a plaintiff must demonstrate that the unlawful governmental action was part of the public entity's policy or custom, and that there is a nexus between the specific policy or custom and the plaintiff's injury. *Monell*, 436 U.S. at 690-92, 694-95.

Moreover, "[i]n order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere 'formulaic recitations of the existence of unlawful policies, conducts or habits.'" *Bedford v. City of Hayward*, 2012 WL 4901434, at *12 (N.D. Cal. Oct. 15, 2012) (quoting *Warner v. Cty. of San Diego*, 2011 WL 662993, *4 (S.D. Cal. Feb. 14, 2011)); *see also AE v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (holding that *Twombly* and *Iqbal* pleading standard also applies to *Monell* claims). Prior to *Twombly* and *Iqbal*, the Ninth Circuit

5

had held that "a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that individual officers' conduct conformed to official policy, custom, or practice." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). However, such conclusory allegations no longer suffice and a plaintiff is required to state facts sufficient "to state a claim that is plausible on its face." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 547). "*Monell* allegations must be [pled] with specificity." *Galindo v. City of San Mateo*, 2016 WL 7116927, at *5 (N.D. Cal. Dec. 7, 2016).

2. <u>Analysis</u>

The Court concludes Plaintiffs' Section 1983 claims must be dismissed on several grounds. Because Plaintiffs are proceeding pro se, the Court will address each ground to provide guidance on any amended pleading.

*i. Right of Access to Courts*

Plaintiffs allege Defendants' concealment of evidence and failure to investigate the death of Mr. Childs denied them their "access to court to proceed with an action against Defendant Walker." Compl. ¶ 56.

The Ninth Circuit has held "the Constitution guarantees plaintiffs the right of meaningful access to the courts, the denial of which is established where a party engages in pre-filing actions which effectively cover-up evidence that actually renders any state court remedies ineffective." *Delew v. Wagner*, 143 F.3d 1219, 1223 (9th Cir. 1998). But Section 1983 plaintiffs cannot "demonstrate that the defendants' cover-up violated their right of access to the courts by rendering 'any available state court remedy ineffective'" while a wrongful death action remains pending. *See id.*; *see also Karim-Panahi*, 839 F.2d at 625 (Section 1983 claim based on alleged cover-up of Constitutional violations, destruction of evidence, and obstruction of justice by police officers may be mooted if plaintiffs succeed in wrongful death suit: "Because the ultimate resolution of the present suit remains in doubt, [plaintiff's] cover-up claim is not ripe for judicial consideration."). Plaintiffs assert a wrongful death claim against Walker in this action; that claim remains pending, though as noted, Plaintiffs have not served Walker. Because the resolution of their wrongful death claim "remains in doubt, [their] cover-up claim is not ripe for judicial consideration." *Id.*; *see also*

*Burns v. City of Concord*, 99 F. Supp. 3d 1007, 1028-9 (N.D. Cal. 2015) (plaintiffs asserting right of access claims "'cannot merely guess that a . . . remedy will be ineffective because of a defendant's actions'" while their underlying claims are still pending (quoting *Swekel v. City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997))).

The Court accordingly GRANTS the Motion to Dismiss the Section 1983 claim against all Defendants, without prejudice to reasserting the claim after resolution of the wrongful death claim, if Plaintiffs can allege facts showing the cover-up deprived them of an effective remedy.

    *ii.*  *Defendant Cantando*

"States and state officials acting in their official capacities cannot be sued for damages under Section 1983." *Goldstein v. City of Long Beach*, 715 F.3d 750, 753 (9th Cir. 2013) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). "Section 1983 claims against government officials in their official capacities are really suits against the governmental employer because the employer must pay any damage awarded." *Butler v. Elle*, 281 F.3d 1014, 1023 n.8 (9th Cir. 2002). For that reason, when "both a municipal officer and a local government entity are named[ as defendants in a Section 1983 action], the court may dismiss the officer as a redundant defendant." *Center for Bio-Ethical Reform, Inc. v. L.A. Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008).

Plaintiffs sue Cantando only in his official capacity, for damages. The Court accordingly GRANTS Defendants' Motion to Dismiss the Section 1983 claim against Defendant Cantando. Because granting leave to amend the Section 1983 claims against Defendant Cantando in his official capacity would be futile, the claim is dismissed without leave to amend.

    *iii.*  *Monell Liability for Failure to Implement Policies, Train, and Supervise*

Plaintiffs cannot state a claim for *Monell* liability without first identifying an underlying violation of their Constitutional or federal rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992) (proper analysis for *Monell* liability requires courts to analyze two different

7

issues: (1) whether harm was caused by a constitutional violation and (2) if so, whether the municipality if responsible for the violation). As discussed above, Plaintiffs' claim for deprivation of their right of access to the courts is not ripe and is dismissed without prejudice. Plaintiffs thus have not alleged an underlying constitutional violation.

Second, Plaintiffs' *Monell* allegations are conclusory and do not state a claim. Plaintiffs allege the City of Antioch's adoption of policies, or failure to implement policies, training, and supervisory procedures "constitute the moving and proximate cause of the loss and death of Demarco Childs." Compl. ¶ 62. The Complaint does not allege any facts showing Defendant Walker was an APD officer or otherwise employed, supervised, or trained by the City. Plaintiffs do not show that any action or inaction by the City contributed to Mr. Childs' death. While Plaintiffs allege that the APD "has a pattern of failing to investigate claims of 'self-defense' resulting in death" (*id.* ¶ 42), they do not allege facts sufficient to show a practice that is "so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691. That the APD has faced such lawsuits (Compl. ¶ 42), in and of itself, does not establish the claims in those lawsuits had merit. The two examples Plaintiffs describe in the Complaint to illustrate their allegations that APD has erroneously ruled murders as self-defense despite evidence to the contrary do not support their claim. With respect to Mr. Jenkins' death, the Complaint states no allegations showing why the APD's conclusion was erroneous, much less malicious. *See* Compl. ¶ 43. With respect to Mr. Pareno's death, Plaintiffs offer no support for their allegation that Lopez's conduct was unlawful or that APD's conclusion that Lopez acted in self-defense was erroneous. *See id.* ¶ 42. Plaintiffs' remaining allegations merely restate the elements of a *Monell* claim. *See id.* ¶¶ 59-61.

If and when Plaintiffs reassert their Section 1983 claim for violation of their right of access to court, they must plead with specificity facts that show APD's practice constituted a custom or usage with the force of law, or another basis for imposing *Monell* liability on the City of Antioch.

**B.     Section 1985 & Section 1986—Conspiracy to Violate Civil Rights**

1.     Section 1985

Section 1985 proscribes three forms of conduct: preventing officers from performing their

duties; obstructing justice by intimidating a party, witness, or juror; or depriving "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law . . . ." 42 U.S.C. § 1985. Plaintiffs do not specify which prong of Section 1985 they prosecute in the Complaint, and they do not dispute Defendants' characterization of the claim as a Section 1985(3) claim. *See* Opp'n. As such, and because Plaintiffs reference the "denial of equal protection under the law" (Compl. ¶ 67), the Court analyzes whether Plaintiffs have stated a Section 1985(3) claim. The Court finds they do not.

First, Plaintiffs fail to state a Section 1985(3) claim because they have not adequately alleged the violation of an underlying right, whether deprivation of access to courts or another. *See Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979) ("Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates.").

Second, Plaintiffs fail to state a Section 1985(3) claim because they do not allege facts sufficient to show the conspiracy was motivated by discrimination. "[A]n indispensable element of the conspiracy claim is 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Wells v. Bd. of Trustees of Cal. State Univ.*, 393 F. Supp. 2d 990, 996 (N.D. Cal. 2005) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also Kush v. Rutledge*, 460 U.S. 719, 724-26 (1983) (section 1985(3) requires the intent to deprive victims of equal protection of laws). Plaintiffs fail to allege such intent with the required specificity. *See* Compl. Plaintiffs allege with specificity that Defendant Cantando and Does 1-10 conspired to cover up Mr. Child's murder by failing to conduct a proper investigation of his death, concealing forensic and ballistic reports from the crime lab, ignoring and spoiling evidence that indicated foul play. *Id.* ¶¶ 65-66. They further describe what the ballistic evidence shows: that Walker straddled Mr. Childs and fired shots downwards, thereby contradicting the DA's version of events that Walker shot Childs as he ran towards Walker's daughter. *Id.* ¶ 66. They do not, however, allege *any* facts supporting their contention that this conspiracy "resulted in the denial of equal protection under the law" (*Id.* ¶ 67), nor do they allege the conspiracy was animated by any racial or class-based discrimination. For instance, there are no facts that indicate

9

1  Mr. Child's race or suggest he belonged to another protected class, or facts showing that
2  Defendants' conduct was animated by discriminatory motives.

Finally, Plaintiffs also fail to state a claim because they do not sufficiently allege the existence of a conspiracy. They allege Cantando and Does 1-10 conspired to deprive them of their rights, but do not identify the other alleged co-conspirators by name, title, position, or any other detail. This is not enough to give Defendants fair notice and to enable them to defend themselves effectively. *See I.H. v. Oakland Sch. of the Arts*, 234 F. Supp. 3d 987 (N.D. Cal. 2017).

The Court accordingly GRANTS the Motion to Dismiss the Section 1985 claim against Defendant Cantando, with leave to amend.

### 2. Section 1986

"Section 1986 imposes liability on every person who knows of an impending violation of section 1985 but neglects or refuses to prevent the violation. A claim can be stated under section 1986 only if the complaint contains a valid claim under section 1985." *Karim-Panahi*, 839 F.2d at 625. Having found Plaintiffs fail to state a Section 1985(3) claim, the Court also must find they fail to state a Section 1986 claim.

The Court GRANTS the Motion to Dismiss the Section 1986 claim against Cantando, with leave to amend, provided Plaintiffs can allege plausible facts to state a Section 1985 claim.

## C. Negligence

First and foremost, Plaintiffs do not allege facts sufficient to plead a claim for negligence. While Plaintiffs indicate this claim is asserted against all Defendants, they fail to allege facts showing how each Defendant is liable for negligence. They instead conclusorily assert each Defendant owed them a duty of care to avoid causing unnecessary physical harm and distress through their conduct, and each had a duty to exercise a reasonable care in the hiring and training of peace officers to avoid exposing persons, including Mr. Childs, to an unreasonable risk of harm. Compl. ¶ 82. They conclusorily allege that each Defendant "knew or should have known, that an actual dangerous condition was created by" their acts and omissions. *Id*. ¶ 83. And they conclusorily allege that Defendants' wrongful conduct "did not comply with the standard of care to be exercised by reasonable persons and proximately caused the wrongful death of" Mr. Childs.

*Id.* ¶ 84. Thus, it appears Plaintiffs are basing their negligence claim solely on the wrongful death of Mr. Childs. The Complaint is devoid of any allegations tying the City of Antioch or Defendant Cantando to Mr. Childs' death.

The Court accordingly GRANTS the Motion to Dismiss the negligence claim as to the City of Antioch and Defendant Cantando, with leave to amend. The Court does not reach Defendants' remaining arguments because they do not appear relevant to the negligence claim as it is currently pleaded.

## CONCLUSION

Plaintiffs' Section 1983 claims against Defendant Cantando are dismissed with prejudice, as such claims are redundant of Plaintiffs' claims against the City of Antioch. To the extent any of Plaintiffs' claims are based on the alleged cover-up's impact on their ability to litigate their wrongful death action against Defendant Walker, those claims are dismissed without prejudice. Plaintiffs may reassert those claims only after their wrongful death claim is resolved or dismissed, if they can allege facts showing Defendants' concealment of evidence (or other conduct) prevented them from effectively pursuing their wrongful death claim against Walker. Plaintiffs' Conspiracy and Negligence claims are dismissed without prejudice. Given that Plaintiffs are representing themselves in this action and the policy of liberally granting leave to amend, and the Court will not accept Defendants' invitation to dismiss their claims with prejudice at this juncture.

Plaintiffs shall file any amended complaint by September 18, 2017.

Plaintiffs are encouraged to take advantage of the resources available to pro se litigants, including the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. The Legal Help Center provides information and limited-scope legal assistance to pro se litigants. Services are available by appointment only in San Francisco at 450 Golden Gate Avenue, 15th floor, Room 2796, and in Oakland at 1301 Clay Street, 4th floor,

Room 470S.  Plaintiffs may make appointments by signing up in person, by phone (415.782.8982), or by email (federalprobonoproject@sfbar.org).

**IT IS SO ORDERED.**

Dated: August 21, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge