UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D.C., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VALENTINO WALKER,<br><br>    Defendant. | Case No. 17-cv-00719-MEJ<br><br>**ORDER FOR REASSIGNMENT; REPORT AND RECOMMENDATION RE: DISMISSAL** |

## BACKGROUND

The Court previously dismissed all claims against Defendants City of Antioch and Allan Cantando without prejudice. *See* Order re Mot. to Dismiss, Dkt. No. 29. When Plaintiffs failed to file an amended complaint by the scheduled deadline for doing so, the Court dismissed with prejudice Plaintiffs' Section 1985 and 1986 claims against Defendant Cantando, dismissed with prejudice the negligence claims asserted against Cantando and the City, and reiterated that Plaintiffs could pursue their Section 1983 claim against the City after their wrongful death action was resolved. *See* Order Dismissing Certain Defendants, Dkt. No. 31. The Court also ordered Plaintiffs to serve Defendant Walker no later than October 25, 2017. *Id.* When Plaintiffs failed to do so, the Court filed and served an Order to Show Cause (OSC) why the case against Walker should not be dismissed for failure to serve him within the time required by Federal Rule of Civil Procedure 4(m). *See* OSC, Dkt. No. 32; *see* Dkt. No. 32-1 (Proof of Service). On November 13, 2017, each copy of the OSC that was mailed to the non-minor Plaintiffs was returned to the Court as undeliverable. Dkt. No. 33.[1]

---

[1] The minor parties purport to appear pro se "by and through [their] guardian ad litem Derrick Childs"; the Estate of Demarco Childs also purports to appear pro se. *See* Docket. First, there is no evidence in the record that Derrick Childs was appointed as the minors' guardian ad litem. Second, "[a]ny party representing him or herself without an attorney must appear personally and

## DISCUSSION

Civil Local Rule 3-11 (Failure to Notify of Address Change) imposes on litigants, including parties proceeding pro se, "whose address changes while an action is pending" to "promptly file with the Court . . . a Notice of Change of Address specifying the new address." Civil Local Rule 3-11 also empowers the Court to dismiss a complaint without prejudice "when: (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address."

On December 4, 2017, the undersigned filed and served an Order re: Change of Address, that extended Plaintiffs' deadline for responding to the OSC, and explained the preceding local rules and warned that, "**[i]f Plaintiffs do not indicate their current address(es) and respond to the OSC by January 15, 2018, the Court shall dismiss the action without prejudice pursuant to Federal Rule of Civil Procedure 4(m), Federal Rule of Civil Procedure 41(b), and Local Rule 3-11.**" Dkt. No. 34 (emphasis in original). The copies of that Order that were mailed to Jester Childs, Derrick Childs, and Charisse Mahoney were returned as undeliverable. *See* Dkt. Nos. 35-37.

As of the date of this Order, Plaintiffs have not indicated their current address and have not responded to the OSC. *See* Dkt. And as of the date of this Order, Plaintiffs have not filed a proof of service indicating they have served Defendant Walker.

---

may not delegate that duty to any other person who is not a member of the bar of this Court." Civ. L.R. 3-9(a); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *Kendall v. United States*, 541 F. App'x 781 (9th Cir. 2013) ("[N]on-attorney pro se litigants have no authority to represent anyone other than themselves."). Finally, a corporation or other entity "may appear only through a member of the bar of this Court." Civ. L.R. 3-9(b). Because Derrick Childs could not represent them in this action, the Court's orders do not collaterally estop the minor parties nor the Estate from pursuing any claims asserted herein.

**CONCLUSION**

The undersigned **ORDERS** the Clerk of Court to reassign this matter to a district judge[2] with the recommendation that the entire action be dismissed without prejudice pursuant to Civil Local Rule 3-11, and in addition, that the claims against Valentino Walker be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: January 18, 2018

MARIA-ELENA JAMES
United States Magistrate Judge

---

[2] The adult Plaintiffs, the City and Defendant Cantando have consented to the undersigned's jurisdiction. *See* Dkt. Nos. 7, 16. Defendant Walker has not, and the case therefore must be reassigned. *Williams v. King*, 875 F.3d 500, 503-04 (9th Cir. 2017) ("[A]ll plaintiffs and defendants named in the complaint are 'parties' within the meaning of § 636(c)(1)—irrespective of whether the complaint has been properly served. Section 636(c)(1) also requires consent of all parties—not a subset of them—for jurisdiction to vest in the magistrate judge.").